IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rodolfo Lechuga, ) | |
| individually ) | |
| and on behalf of all persons ) | |
| similarly situated persons working ) CASE NO 22 CV 2415 | |
| for Defendants ) District Judge: | |
| as a Class representative for the ) | |
| members of a Collective as permitted ) | |
| under the Fair Labor Standards Act; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| Mland Maintenance LLC, ) | |
| DynaCom Management, LLC ) | |
| Fakhri Bagher, ) | |
| Ali Setork and Mina Setork ) | |
| Individually ) | |
| Under FLSA and IWPCA ) | |
| As Employers ) | |
| And the Employee ) | |
| Classification Act ) | |
| Pursuant to 820 ILCS 185/63 ) **JURY TRIAL DEMANDED** | |
| ) **ON ALL COUNTS** | |
| Defendants. ) | |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Rodolfo Lechuga, individually and on behalf of all others

similarly situated, as a FLSA Collective representative, by and through his

undersigned counsel of record, upon personal knowledge as to those allegations in

which he so possesses and upon information and belief as to all other matters,

pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois

Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ), The Illinois

Wage Payment and Collection Act (IWPCA) and the Illinois Classification Act (820

ILCS 185/1) (ICA) and brings this cause of action against Defendant Mland

Maintenance LLC., (Hereinafter referred to as "Mland" and/or "Defendant Mland"), and Defendant DynaCom Management, LLC., (Hereinafter referred to as "DynaCom" or "Defendant DynaCom") as well as Fakhri Bagher, Ali Setork and Mina Setork, individually as an "Employers" under the FLSA, IMWL, IWPCA, and pursuant to 820 ILCS 185/63 as found within the ICA against Defendants and in so doing states the following:

## **NATURE OF THE ACTION**

1. Plaintiff alleges, individually and on behalf of himself and other similarly situated current, former and future employees of the Defendants, (Hereinafter references to "Plaintiffs" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that they, under both federal and state wage laws, were mis-classified as an "independent contractor(s)" thus Defendants did not pay Plaintiff, nor the Collective Member minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or IMWL and/or IWPCA and/or the ICA.

2. Plaintiff summarizes his claims herein as follows:

   a. Plaintiff (and collective) were misclassified as "independent contractors" by Defendants, and should have been classified and paid as employees.

   b. Plaintiffs' (and collective) were not paid time and half for overtime work, rather were paid straight time for overtime work hours.

   c. Plaintiffs' (and collective) were not paid their last paychecks.

3. Plaintiff presents this claim as a collective action via allegations under the FLSA.

4. Plaintiff was an employee who worked for Defendants at its suburban Chicago Illinois location during the relevant time period, and who was denied his clearly-established rights under applicable federal and state statutes.

5.      As a result of the practices of Defendants described herein, Defendants failed to adequately compensate Plaintiff, as well as those persons similarly-situated to Plaintiff and who Plaintiff seeks to represent—including minimum and overtime wages as required by the FLSA and IMWL.

6.      Plaintiff also brings a claim for payment of his last paycheck and for payment of the last checks of the Collective. Defendants failed to pay the Individual Plaintiff's final paycheck in the spring of 2022 and Defendants have a policy and procedure of not paying the final paychecks of its workers.

7.      Plaintiff presents a demand for that paycheck and a claim for failure to pay minimum wages as Plaintiff worked 80 hours in his last pay period, and receive zero dollars for those 80 hours of work in April of 2022. Plaintiff should have received a check for 80 hours times his rate of pay of $20.50 per hour and/or payment of 10 hours of overtime at his overtime rate of pay, but Plaintiff received no check in violation of the FLSA, IMWL, ICA and IWPCA.

8.      Plaintiff also alleges that this is a pattern and practice of Defendants, to fail to pay the last check for departing employees, thus Plaintiffs pleads this claim as a Collective Claim.

9.      The IWPCA requires payment within thirteen (13) days, thus such a policy and procedure is a pro forma violation of the IWPCA payment requirements. Plaintiff plead the IWPCA claims as a individual claim, given the lack of sufficient numbers of persons to plead a class.

## JURISDICTION AND VENUE

10. Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

11. Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

12. This Complaint also alleges causes of action under the statutes of the State of Illinois, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

13. This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

14. The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN

### COMMERCE BY DEFENDANTS

### DEFENDANTS ARE ENTERPRISES THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE

15. Defendants are an enterprise that regularly and recurrently have at least two employees engaged in commerce.

16. Defendants are enterprises that regularly and recurrently have at least two employees engaged in commerce.

17. Defendants engage in commerce via receiving payments via banking transactions that are transacted/transmitted to other states, via use of materials from other states and communications with customers from other states.

18. Plaintiff also pleads individual FLSA Jurisdiction as he handled and used items that were transported in commerce including fuel, oil, grease, machinery, hand tools, road salt and supplies for landscaping (including plants, mulch, stones and soil and maintenance items for Defendants commercial buildings.

## JURISDICTION BASED ON GROSS SALES
## DEFENDANTS GROSS SALES EXCEED $500,000

19. Defendant Mland Maintenance LLC., (Hereinafter referred to as "Mland" and/or "Defendant Mland"), DynaCom Management, LLC., (Hereinafter referred to as "DynaCom" or "Defendant DynaCom") are corporations which operate a construction business and building leasing business in Naperville Illinois, owning a number of large office buildings and constructing more buildings in a "rapidly growing company".

20. Defendants sales exceed $500,000.00 each year for the last three years.

21. Defendants sales exceed $500,000 as shown by the following:

    a. Defendants list six large, multiple story commercial office buildings as being owned and managed by Defendants.

**PARTIES**
**A. Plaintiff**

22.    Rodolfo Lechuga is a citizen and resident of Illinois. Plaintiff worked as an employee and or "Independent Contractor" for Defendants' at their place of business located in the State of Illinois, within the area of this Division of this District Court.

23.    Plaintiff worked in the Defendants as a construction worker and/or maintenance worker.

24.    Plaintiff was classified by Mland as an Employee.

25.    Alternatively, Plaintiff was classified by Mland as an "Independent Contractor".

26.    At all times relevant to this Complaint, Plaintiff and Collective were intentionally and improperly classified by Defendants as independent contractors, but in reality they were employees of Defendants subject to the requirements of the Fair Labor Standards Act, the Illinois Minimum Wage Act, the IWPCA and the ICA.

27.    As a result of Defendants intentional misclassification of Plaintiff and Collective, Plaintiff was not paid overtime wages at an overtime rate of pay for work hours over forty.

28.    Plaintiff was paid straight time wages for all hours of work.

29.    Plaintiff bring this action individually and as a representative on behalf of themselves and all other employees who worked at Defendant's place of business within the three years immediately preceding the filing of this case), present or future, who suffered wage and hour violations as described above.

**B. Defendant Mland**

30.    Defendant Mland Maintenance LLC., (Hereinafter referred to as "Mland" and/or "Defendant Mland")., is a company located in Naperville Illinois and was

Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the Illinois Minimum Wage Act, the IWPCA, and the ICA for all relevant time periods.

31. Defendant Mland listed a number of addresses for its business, nearly all shared the addresses of the Defendant DynaCom.

32. Mland and DynaCom are joint employers of Plaintiff and the Collective.

### C. Defendant DynaCom

33. DynaCom Management, LLC., (Hereinafter referred to as "DynaCom" or "Defendant DynaCom") is a company located in Naperville Illinois and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the Illinois Minimum Wage Act, the IWPCA, and the ICA, for all relevant time periods.

### DEFENDANTS ARE JOINT EMPLOYERS

34. Defendants' Mland and DynaCom are Joint Employers of Plaintiff and the Collective.

35. Under Section 203(d) of the FLSA, the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

36. This means that an individual, such as Plaintiff, that is performing a single job may actually have several employers for purposes of the FLSA and the IMWL.

37. Section 791.2(b) of the DOL's regulations provides that two or more employers may be employers" where an employee "performs work which simultaneously benefits both, or works at two or more employers at different times during the workweek," including, for example:

a. Where there is an arrangement to share the employee's services; or

b. Where one employer acts directly or indirectly for the other employer in relation to the employee; or

c. Where the employers share control of the employee because one employer controls, is controlled by, or is under common control with the other employer.

38. Here all three tests for Joint Employment apply, as Plaintiff's services were shared by both Defendants, as Plaintiff performed tasks for the benefit of both corporations.

39. As a single example of these shared services, Plaintiff's time sheets listed the following addresses for Plaintiff's work location: 1548, 1601, 1952, 1560, 1979, 4580, 387, 1331, 4300 and Meadow. In duplicate fashion Defendant DynaCom lists its buildings street addresses as: 1601, 1952, 4580, 387, 1331 and 4300; thus Plaintiffs work sites are duplicate to Defendants buildings, because Plaintiff did the work for Defendants jointly.

40. In cases where joint employment is established, the employee's work for the joint employers during the workweek "is considered as one employment," and the joint employers are jointly and severally liable for compliance, including paying overtime compensation for all hours worked over 40 during the workweek. 29 C.F.R. 791.2(a)

**INDIVIDUAL DEFENDANTS**

41. Fakhri Bagher, Ali Setork and Mina Setork are named individually as an "Employers" under the FLSA, IMWL, ICA and IWPCA.

42. Fakhri Bagher, Ali Setork and Mina Setork manage and control the operation of the Defendants' businesses and dictates the employment policies of the Defendants including but not limited to the decision to classify the Plaintiff and FLSA Collective as "independent contractors" (and/or lessees) and to pay those persons no overtime wages and/or to fail to pay the Plaintiff and Collective their last paychecks.

43. Individual Defendants made the decisions to classify Plaintiff and collective as "independent contractors", or keep or enforce the classification of the Plaintiff and the Class as "independent contractor".

44. As owners and managers of the Corporate Defendants, Fakhri Bagher, Ali Setork and Mina Setork had the power to hire, fire and discipline employees and used that power to handle nearly 100% of the hiring, firing and disciplines of employees.

45. As owners and managers of the Corporate Defendants, Fakhri Bagher, Ali Setork and Mina Setork caused the wage violations either directly by not paying the last paychecks or overseeing that failure to pay last checks and/or overtime and/or by writing or approving the Defendants policy and procedures which included blatant wage violations including a policy to not pay overtime and/or last checks.

46. Defendants Ali Setork and Mina Setork own and operates the corporate Defendant(s).

47. Defendants Fakhri Bagher, Ali Setork and Mina Setork had day to day control of operations of the Corporate Defendants and Plaintiff's work.

48. Defendants Fakhri Bagher, Ali Setork and Mina Setork also handled the payment (and shortage) of wages to the employees via handling or overseeing the payroll and implementation of the denial of last check policy.

49. Defendants Fakhri Bagher, Ali Setork and Mina Setork were aware that each time Plaintiff and the class worked over 40 hours, that Plaintiff and Class were not paid overtime.

50. Defendants Fakhri Bagher, Ali Setork and Mina Setork wrote and/or enforced Defendants written policy and procedure of "the last 2-month's salary need to be returned to Mland" if the worker quits without notice.

## FACTUAL ALLEGATIONS WEEK BY WEEK

51. Plaintiff Rodolfo Lechuga alleges that in his last two weeks of work, in April of 2022, he was paid no wages for his last 80 hours of work, and as an employee of Defendant was owed wages: minimum wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for Plaintiff's last two weeks of work.

52. Plaintiff typically worked 12-13 hours per day, Monday to Saturday, and Plaintiff worked some Sundays, thus Plaintiff worked overtime nearly every week of work.

## FACTS SUPPORTING A FINDING OF MISCLASSIFICATION

## MISCLASSIFICATION PURSUANT TO THE ICA

53.   Plaintiff's classification pursuant to the Illinois Classification Act is determined by the following statutory test:

   (b) An individual performing services for a contractor is deemed to be an employee of the contractor unless it is shown that:
      (1) the individual has been and will continue to be free from control or direction over the performance of the service for the contractor, both under the individual's contract of service and in fact;
      (2) the service performed by the individual is outside the usual course of services performed by the contractor; and
      (3) the individual is engaged in an independently established trade, occupation, profession or business; or
      (4) the individual is deemed a legitimate sole proprietor or partnership under subsection (c) of this Section.

54.   For Plaintiff Rodolfo Lechuga none of these tests support Defendants' claim of Contractor status:

   a.  Plaintiff was not free of control, as his work, schedule, tasks and all elements of his employment were subject to control by Defendants.

   b.  The work of the Plaintiff was integral part of the employers' business. Defendants business is providing commercial buildings for lease to businesses and the Plaintiffs and the class's work was/is solely related to that business: the Plaintiffs and class built and/or maintained the Defendants commercial buildings.

   c.  Plaintiff was not engaged in an independent trade or business

   d.  Lastly, Plaintiff was not a sole proprietorship nor a partnership.

**MISCLASSIFICATION PURSUANT TO THE IWPCA**

55. Likewise for Plaintiff's IWPCA claims, Defendants classification of Plaintiff as a Contractor is not proper pursuant to the IWPCA test, which is as follows:

   a. The IWPCA creates a presumption that the Plaintiffs are employees, and to rebut that presumption Defendant bears the burden of establishing each of three specific criteria set forth in the IWPCA to rebut that presumption. Specifically, Defendant must establish that 1) the Plaintiff is free from Defendant's control; 2) the Plaintiff performed work outside Defendant's usual course of business or outside all the places of the business of Defendant; and 3) Plaintiff is engaged in an independently established business. 820 Ill. Comp. Stat. 115/2.

56. Defendants can not prove any of these apply, as Plaintiff will testify:

   a. Plaintiff was not free of control, as his work, schedule, tasks and all elements of his employment were subject to control by Defendants.

   b. The work of the Plaintiff is integral part of the employers' business. Defendants business is providing commercial buildings for lease to businesses and the Plaintiffs and the class's work is solely related to that business: the Plaintiffs and class built and/or maintained the Defendants commercial buildings.

   c. Plaintiff was not engaged in an independent trade or business

**MISCLASSIFICATION PURSUANT TO THE FLSA AND IMWL**

57. All actions by Defendants were willful and not the result of mistake or inadvertence.

58. Plaintiff had no control over the work environment whatsoever.

59. Defendants set the rules and had complete control over the work venue, and Plaintiff had to obey Defendants rules or risk everything, including loss of his job. This is the very hallmark of the economic dependence and control of an employer-employee relationship.

60. Despite being on notice of its violations, Defendants chose to continue to misclassify Plaintiff and other members of the proposed collective class and withhold wages to them in effort to enhance their profits.

61. Defendants knew that persons such as Plaintiff and class were employees that should be paid under the law, and has simply chosen not to pay them.

62. Evaluation of proper classification is a multiple part test, which the Defendants have not properly applied to Plaintiffs in determination of their status, rather Defendants simply assumed incorrectly that the Plaintiffs and other employees were independent contractors, simply because the Defendants declared them to be.

63. The test for Employee/contractor is found in a US DOL Fact Sheet #13: Am I an Employee?: Employment Relationship Under the Fair Labor Standards Act (FLSA) (revised May 2014).

64. The elements of this test demonstrate that Plaintiff and the class are not properly classified. The elements are as follows:

1) the extent to which the work performed is an integral part of the employer's business.

2) Whether the worker's managerial skills affect his or her opportunity for profit and

loss.

3) The relative investments in facilities and equipment by the worker and the employer

4) The worker's skill and initiative.

5) The permanency of the worker's relationship with the employer.

6) The nature and degree of control by the employer

65.     Almost none of these factors are in Defendants' favor as alleged as follows:

1) the extent to which the work performed is an integral part of the employer's business.

The work of the Plaintiff and Class is integral part of the employers' business. Defendants business is providing commercial buildings for lease to businesses and the Plaintiff and the class's work is solely related to that business: the Plaintiff and class built and/or maintained the Defendants commercial buildings.

2) Whether the worker's managerial skills affect his or her opportunity for profit and

loss.

For the Plaintiff and Class there was no opportunity for profit or loss, the Plaintiff and class were paid the same baseline pay. While Plaintiff and class might have been able to earn commissions or bonuses, they did not have the opportunity to have a loss, thus showing they were not independent contractors.

3) The relative investments in facilities and equipment by the worker and the

employer

Here Plaintiff and class made/make no investment other than their time and efforts, while Defendants has made large investments including land investments, building and maintaining large commercial buildings.

4) The worker's skill and initiative.

    a. Here the Plaintiffs and class "skills" were simply construction or maintenance of buildings, no specialized skill or initiative was required. Further Defendants provide policy and procedures for work, including how to maintain and build Defendants commercial structures

5) The permanency of the worker's relationship with the employer.

    a. While some members of the class were short time workers, many worked for years.

    b. Plaintiff Rodolfo Lechuga worked for Defendants for years, starting in 2011.

6) The nature and degree of control by the employer

    a. Here Defendants have excreted strong and consistent control of employees, including: requiring particular hours of work and scheduling hours of work. Plaintiff also was assigned particular tasks on a daily basis and had to report the work done for review by his employers.

## B. The FLSA Collective Action

66. Plaintiff bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Defendants who were, are, or will be employed by Defendants during the period of three (3) years prior to the date of

commencement of this action through the date of judgment in this action, and who assert any of the following claims:

a. Were misclassified as "independent contractors" by Defendants

b. not paid time and half for overtime work

c. Not paid their last paychecks

67. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiff is similar to the FLSA claims of all construction and/or maintenance employees.

68. Defendants are liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied the overtime premium FLSA. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

69. Plaintiffs and all other members of the proposed collective have suffered injury, incurred damages and significant financial loss as a result of Defendants' conduct complained of herein.

70. Plaintiff brings claims for relief for violation of the FLSA as a

collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated construction and/or maintenance employees improperly classified as independent contractors at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

(A)     minimum wages for the first forty (40) hours worked each week;

(B)     overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

(C)     improper and/or insufficient taxation effects due to the misclassification, such as employees paying higher rates of taxes and/or Defendants not paying sufficient taxes.

(D)     liquidated damages and attorney's fees for the same

71.     Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

72.     The names and physical and mailing addresses of the FLSA collective action Plaintiff is available from Defendants, and notice should be provided to the FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

73.     The email addresses of many of the FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

74.     Notice of the right to join this lawsuit should be posted conspicuously at

Defendants' business in a manner consistent with the orders of this Court.

75. Plaintiff assert that other current and former persons are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally misclassifying persons as independent contractors, as opposed to employees, and were not paid the minimum and overtime wages required under the FLSA.

76. Because the employer never paid unemployment taxes, misclassified employees often do not receive unemployment compensation, thus Plaintiff and **collective** claim as damages unemployment payments improperly denied to the class .

77. Misclassified employees, Plaintiff and **collective**, must pay the employer's share of federal employment taxes, this is also claimed as an additional element of damages.

78. Plaintiff and collective have the same primary work duties, maintaining or construction of Defendants' buildings.

79. Plaintiffs and Collective are similarly situated as the Plaintiffs and the collective have the same job duties and/or are subject to the same policy of misclassification: working in construction or maintaining buildings. They are similarly situated also because of the following mirror image policy and procedures:

a. Failure to pay last check

b. Failure to pay overtime

c. Misclassification resulting in additional taxes ect.

**FIRST CLAIM FOR RELIEF**

18

**(Individual and Collective Claims for Violation of FLSA**

**Against all Defendants**

80.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

81.    Defendants violated the FLSA as follows:

a.    Plaintiffs and collective were misclassified as "independent contractors" by Defendants

b.    Plaintiff and collective were not paid time and half for overtime work

c.    Plaintiff and collective were not paid their last paychecks

82.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs initial complaint, plus periods of equitable tolling.

84.    Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of IMWL)

**Against all Defendants**

85.    Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

86.    Defendants violated the IMWL as follows:

    a.    Plaintiff was misclassified as "independent contractors" by Defendant

    b.  Plaintiff was not paid time and half for overtime work

    c.  Plaintiff was not paid their last paychecks

87. Defendants' conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

88. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the IMWL.

89. Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

## **PRAYER FOR RELIEF**

    WHEREFORE,    Plaintiffs, individually and on behalf of others similarly situated, respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

(A) Certification of and notice to the proposed collective class;

(B) For an order of this Honorable Court entering judgment in Plaintiffs' favor against each Defendant, jointly and severally;

(C) That the Court award Plaintiff his actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages;

(D) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et sea., and attendant regulations at 29 C.F.R. §516 et sea..;

(E)     A declaratory judgment that Defendant's practices alleged herein violate the Illinois Minimum Act,

(F)     Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and attendant regulations at 29 C.F.R. §516 <u>et sea</u>.:

(G)     Judgment for damages for all unpaid regular wages and overtime compensation under the Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Classes during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant regulations;

(J) Judgment for any and all civil penalties to which Plaintiffs' and all other similarly situated employees may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just and proper.

**THIRD COUNT**
**IWPCA CLAIMS**
**Individual claims for Plaintiff**

90.     Plaintiff hereby re-alleges and incorporates by reference

the preceding paragraphs as if they were set forth again herein.

91.     Plaintiff also presents individual under the Illinois Wage Payment and Collection Act (IWPCA).

92.     Defendant misclassified the Plaintiff as independent contractor, when he was actually an employee under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Com. Stat. 115/2.

93.     The IWPCA creates a presumption that the Plaintiff is an employee, and to rebut that presumption Defendant bears the burden of establishing each of three specific criteria set forth in the IWPCA to rebut that presumption. Specifically, Defendant must establish that 1) Plaintiff was free from Defendant's control; 2) Plaintiff perform work outside Defendant's usual course of business or outside all the places of the business of Defendant; and 3) Plaintiff was engaged in an independently established business. 820 Ill. Comp. Stat. 115/2.

94.     The Illinois Supreme Court has recognized that "the three statutory requirements for independent contractor status … are comprised of legal terms and concepts…." AFM Messenger Svc., Inc. v. Dept. of Employ. Sec., 198 Ill.2d 380, 392 (2001).

95.     The three prong test is conjunctive, if an employer can not satisify each and all of the prongs, then the person must be classified as an Employee for purposes of the IWPCA.

96.     Plaintiff was employed by Defendants as an independent contractor, but should have been paid and employed as an employee.

22

97.     Plaintiff brings claims for relief pursuant to the IWPCA for the period of five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint.

98.    Plaintiffs' employment was in the usual course of business for which such service is performed.

99.    Plaintiff does not possess a proprietary interest in the Defendant.

100.    The Defendant is an "employer" under the terms of the IWPCA section 2.

101.    In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation". The Individual Defendants are named as a Defendant under this provision of the IWCPA.

102.    Specifically Defendants repeatedly failed to pay wages Plaintiff earned based on the parties IWPCA Agreements to pay all work hours and/or to pay Plaintiff at a set rate of pay for all hours worked.

103.    Defendants written policy of wage forfeiture is unenforceable, thus failure to pay Plaintiff his final wages is a violation of the IWPCA agreements to pay for Plaintiff's work time and Defendants failure to pay within the IWPCA statutory period of 13 days.

104.  Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

WHEREFORE, Plaintiff prays for an order:

23

A. Declaring that Defendants violated provisions of the IWPCA;

B. Awarding lost wages and/or final compensation for unpaid wages;

C. Awarding 2% and/or 5% monthly interest of the damages amount for each month that Defendant has failed to pay;

; D. All costs and attorney's fees incurred in this claim;

E. Awarding prejudgment interest; and

F. For such further relief as the Court deems just and equitable.

## COUNT FOUR

## EMPLOYEE CLASSIFICATION CLAIMS

105. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein

106. Plaintiff worked for Defendants in the construction industry.

107. Defendants classified Plaintiff as an "Independent Contractor".

108. In accord with the provisions of ECA the Plaintiff was misclassified, as described elsewhere in this complaint in detail, and as a result he was not paid overtime wages at an over time rate of pay.

109. Defendants willfully violated the ECA, thus penalties are due as per ECA 820 ILCS 185/45 (b)

WHEREFORE Plaintiff asks for the following statutory remedies:

      (1) the amount of any wages, salary, employment

benefits, or other compensation denied or lost to the person by reason of

the violation, plus an equal amount in liquidated damages;

      (2) compensatory damages and an amount up to $500 for

each violation of this Act or any rule adopted under this Act;

      (3) attorney's fees and costs.

4) any provision or penalty found to be recoverable pursuant to the ECA.

## JURY TRIAL DEMANDED

**Respectfully Submitted by __ /S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675**
**Fax 630-206-0889**
**Attorneyireland@gmail.com**

**Dated: May 6, 2022**